IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

SYLVESTER TERRY,

   Plaintiff,

v.                Case 2:17-cv-02513-SHL-cgc

SHELBY COUNTY GOVERNMENT
and SHELBY COUNTY FIRE
DEPARTMENT,

   Defendants.

---

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT AND TO STRIKE EXHIBIT

---

Before the Court is Defendant Shelby County, Tennessee's[1] Motion for More Definite Statement and to Strike Exhibit. (Docket Entry ("D.E." #11)). The instant motion has been referred to the United States Magistrate Judge for determination.[2] For the reasons set forth herein, Defendant's Motion is hereby GRANTED IN PART AND DENIED IN PART.

### I. Motion for More Definite Statement

First, Defendant asserts that it is unclear whom Plaintiff intends to name as defendants in this action, as he names Shelby County Government, Shelby County Fire Department, Shelby

---

[1] Although Plaintiff styled Defendants as Shelby County Government and Shelby County Fire Department, the instant motion was filed by Shelby County, Tennessee.

[2] The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

1

County Attorney Kathryn Passover, and Chief Alvin Benson at various points in his Complaint as defendants. Defendant's Response states that he intends to name the Shelby County Government as a Defendant, of which the Shelby County Fire Department is one of its divisions. Upon review, Rule 8(a) of the Federal Rules of Civil Procedure requires that Plaintiff's Complaint make a "short and plain statement of [his] claims," including from whom he seeks relief. As Plaintiff's Response does not qualify as a pleading, Defendant's Motion for More Definite Statement is GRANTED so that Plaintiff may correct the portion of his Complaint on Page Two that lists Kathryn Pascover, Shelby County Attorney, and Alvin Benson, Chief, Shelby County Fire Department, as Defendants, as he states that he does not wish for them in fact to be named Defendants.

II. Motion to Strike Exhibit

Next, Defendant seeks to strike a four-page exhibit to Plaintiff's Complaint as it is not referenced or identified in the Complaint and is not authenticated in any way. Plaintiff's Response does not address the exhibit. It appears the final two pages, however, are an Equal Employment Opportunity Commission ("EEOC") Dismissal and Notice of Rights in EEOC Charge Number 490-2016-00045 issued to Plaintiff that was mailed on April 21, 2017. (D.E. #1-1 at PageID 9-10). Plaintiff's Complaint states that he received a Right to Sue letter pertaining to the claims in his case on April 24, 2017. (D.E. 1 at PageID 5). Thus, these two pages shall not be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure as "redundant, immaterial, impertinent, or scandalous matter." However, the Court cannot discern what is contained in the previous two pages and finds that those pages are "extraneous or at best evidentiary material." *See Johns-Manville Sales Corp. v. Chicago Title & Tr. Co.*, 261 F. Supp.

905, 908 (N.D. Ill. 1966). Thus, these two pages shall be stricken as immaterial evidentiary filings that may not be filed with Plaintiff's pleading.

    **IT IS SO ORDERED** this 2nd day of November, 2017.

                                                     s/ Charmiane G. Claxton
                                                   CHARMIANE G. CLAXTON
                                                   UNITED STATES MAGISTRATE JUDGE